IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN BLOUNT** | : | **CIVIL ACTION** |
| *Petitioner* | : | |
| v. | : | **NO. 20-5283** |
| **JAMIE SORBER,** *et al.* | : | |
| *Respondents* | : | |

# O R D E R

**AND NOW**, this 15th day of October 2021, upon consideration of the petition for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 (the "Petition") by John Blount ("Petitioner"), [ECF 1], the *Report and Recommendation* issued by the Honorable Timothy R. Rice, United States Magistrate Judge ("the Magistrate Judge"), which recommended that the Petition be denied, [ECF 9], and Petitioner's objections to the *Report and Recommendation*, [ECF 10], and after conducting a *de novo* review of the objections, it is hereby **ORDERED** that:

1. The *Report and Recommendation* (the "R&R") is **APPROVED** and **ADOPTED**;
2. The objections to the R&R are without merit and are **OVERRULED**;[1]

---

[1] In his *habeas corpus* petition, Petitioner essentially alleges that his maximum sentence of life imprisonment is unconstitutional and in violation of the United States Supreme Court's decisions in *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, 577 U.S. 190 (2016), because he was 17 years old when arrested in 1989 on two counts of murder. The Magistrate Judge issued a well-reasoned R&R, in which he recommended that Petitioner's *Miller* claim be dismissed because the state courts' rejection of this claim was not based on an unreasonable application of the *Miller* decision. The R&R summarized the key events of Petitioner's criminal history, *to wit*: in 1990, a jury convicted Petitioner of two counts of first-degree murder, one count of possession of an instrument of a crime, and one count of abuse of a corpse. Though Petitioner was sentenced to death for each of the murder convictions, in August 1994, the Pennsylvania Supreme Court vacated his death sentences and remanded the matter for resentencing. In 1996, Petitioner was resentenced to two mandatory, consecutive terms of life imprisonment without parole for the murder convictions. In 2018, the trial court vacated his life without parole sentences based on *Miller* and *Montgomery* and resentenced Petitioner to two concurrent terms of 35 years to life imprisonment, with no further penalty on the other convictions. Petitioner filed timely objections to the R&R.

When timely objections to an R&R are filed, a court must conduct a *de novo* review of the contested portions of the R&R. *See Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)); *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). In conducting its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. 28 U.S.C. § 636(b)(1). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7.

3. Petitioner's petition for a writ of *habeas corpus*, [ECF 1], is **DENIED**; and

4. No probable cause exists to issue a certificate of appealability.[2]

The Clerk of Court is directed to mark this matter **CLOSED**.

**BY THE COURT:**
/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

In his counseled objections, Petitioner essentially repeats the arguments he made to the state courts and in his Petition concerning the application of *Miller* to his maximum life sentence. As the state courts correctly held, however, the *Miller* Court only determined that it was a violation of the Eighth Amendment for juveniles convicted of homicide to be **mandatorily** sentenced to life without the possibility of parole or without the sentencer first considering the mitigating qualities of youth. *Miller*, 567 U.S. at 479. Specifically, in *Miller*, the Supreme Court stated: "We therefore hold that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders." *Id.*; *see also id.* at 465 ("We therefore hold that mandatory life without parole for those under the age of eighteen at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishment.'"). As such, the *Miller* Court did not hold that a **maximum** sentence of life for a juvenile convicted of homicide was unconstitutional. In fact, the *Miller* decision allows a juvenile to be sentenced to life without the possibility of parole, as long as the mitigating qualities of youth are considered. *Montgomery*, 577 U.S. at 209–10 (citing *Miller*, 132 S. Ct. at 2471). The *Miller* Court simply held that a **mandatory** sentence of life without parole was unconstitutional where the sentencer did not consider the mitigating qualities of the defendant's youth. *Id.* Moreover, in *Jones v. Mississippi*, — U.S. —, 141 S. Ct. 1307 (2021), the Supreme Court unequivocally held that a defendant under 18 years of age at the time of a homicide may receive a life sentence without parole as long as the sentence was not mandatory. *Id.* at 1311 ("Under *Miller* . . ., an individual who commits a homicide when he or she is under 18 may be sentenced to life without parole, but only if the sentence is not mandatory and the sentencer therefore has discretion to impose a lesser punishment.").

As noted, after the Supreme Court's decisions in *Miller* and *Montgomery*, Petitioner was resentenced to two concurrent terms of 35 years to life imprisonment for his murder convictions. At the resentencing hearing, the trial court explained that it had considered, *inter alia*, Petitioner's immaturity as a juvenile at the time of the crime. Under these circumstances, this Court cannot conclude that the state court's decision was an unreasonable application of the Supreme Court's decisions in *Miller* and *Montgomery*. This is particularly true in light of the Supreme Court's recent decision in *Jones*. As such, this Court agrees with the Magistrate Judge's analysis and conclusions and, therefore, finds that the Magistrate Judge did not commit error in his report. Accordingly, Petitioner's objections are overruled, and the R&R is adopted and approved in its entirety.

[2] A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). For the reasons set forth in the R&R, this Court concludes that no probable cause exists to issue such a certificate in this action because Petitioner has not made a substantial showing of the denial of any constitutional right. Petitioner has not demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong." *Slack*, 529 U.S. at 484. Accordingly, there is no basis for the issuance of a certificate of appealability.